


UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | | |
|---|---|---|
| STARLENE M. DAVIS, | ] | |
| | ] | |
| Plaintiff, | ] | |
| | ] | |
| vs. | ] | 3:08-CV-0214-LSC |
| | ] | |
| MICHAEL J. ASTRUE, Commissioner of Social Security Administration, | ] ] | |
| | ] | |
| Defendant. | ] | |

# MEMORANDUM OF OPINION

## I. Introduction.

The Court has for consideration Defendant's Motion to Dismiss, or, in the alternative Motion for Summary Judgment, which was filed on May 19, 2008. (Doc. 5.) Plaintiff Starlene M. Davis ("Davis") brought suit against the Commissioner of the Social Security Administration ("Commissioner") to obtain judicial review of the final decision of the Commissioner denying her application for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act. Plaintiff claims that she has exhausted all administrative remedies, and therefore brings this

matter for judicial review pursuant to 42 U.S.C. § 405(g) ("§ 405(g)"). The Court entered a show cause order on May 19, 2008, requiring Plaintiff to show why Defendant's motion should not be granted. (Doc. 6.) Plaintiff failed to respond to the Court's order. On June 9, 2008, the Court entered an order notifying the parties that Defendant's motion would be treated as a motion for summary judgment. (Doc. 7.) Plaintiff filed her opposition to summary judgment on June 18, 2008. (Doc. 8.) The issues raised in Defendant's Motion to Dismiss, or, in the alternative Motion for Summary Judgment are now ripe for consideration. The motion is due to be denied.

II. Background.

On May 10, 2007, an Administrative Law Judge ("ALJ") entered an order denying Plaintiff Starlene M. Davis's claim for benefits under Title II and XVI. (Herbst Decl. ¶ 3(a) & Ex. 1.)[1] After the ALJ's decision was issued, Plaintiff requested a review of the decision with the Appeals Council of the Office of Disability Adjudication and Review. (Herbst Decl. ¶ 3(a).) On November 29, 2007, the Appeals Council denied Plaintiff's request for

---

[1]Patrick J. Herbst is the Chief of Court Case Preparation and Review Branch IV of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration. (Herbst Decl.)

review and sent Plaintiff, by mail, notice of its decision and of the right to commence a civil action within sixty (60) days from receipt of the letter.[2] (Herbst Decl. ¶ 3(a) & Ex. 2.) The notice was sent to Plaintiff at her Tuscumbia, Alabama address and a copy of the same was sent to her representative, Robert Bunch, attorney at law, at a post office box in Florence, Alabama. (Herbst Decl. ¶ 3(a); Doc. 8 Ex. A.) The sixty day period begins the day after receipt of the Appeals Council's letter, which is presumed to be five days after the date of the letter; however, a plaintiff can ask for an extension of time to file for good cause. (Herbst Decl. Ex. 2.) On February 6, 2008, Plaintiff filed this action with the United States District Court for the Northern District of Alabama.

## III. Standard of Review.[3]

[2]The Appeals Council's denial for request of review rendered the ALJ's decision the final decision of the Commissioner, indicating that Plaintiff could request court review of the ALJ's decision by filing a civil action within sixty (60) days of the Appeals Council's decision. (Herbst Decl. Ex. 2.)

[3]Defendant seeks to dismiss Plaintiff's complaint against it pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, pursuant to Federal Rule of Civil Procedure 56. Pursuant to Rule 12(b), if matters outside the pleadings are submitted with a motion to dismiss for failure to state claim and those matters are considered by the court, the court must treat the motion as one for summary judgment pursuant to Rule 56 and allow the parties "a reasonable opportunity to present all the material that is pertinent to the motion." FED. R. CIV. P. 12(b). Because matters outside the pleadings have been presented and considered by the Court, Defendant's motion will be treated

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the evidence] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant can meet this burden by presenting evidence showing that there is no genuine dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23. In evaluating the arguments of the movant, the court must view the evidence in the light most favorable to the nonmoving party. *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996).

---

as a motion for summary judgment rather than as a motion to dismiss. The Court entered a notice on June 9, 2008, providing the parties time to supplement the record. (Doc. 7.)

Once the moving party has met this burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). "A factual dispute is genuine only if a 'reasonable jury could return a verdict for the nonmoving party.'" *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d at 1224 (quoting *United States v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1437 (11th Cir. 1991)).

"[A]t the summary judgment stage the judge's function is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249 (1986). However, judges are not "required to submit a question to a jury merely because some evidence has been introduced by a party having the burden of proof, unless the evidence be of such character that it would warrant the jury finding a verdict in favor of that party." *Id.* at 251 (*quoting Wilkerson v. McCarthy*, 336 U.S. 53, 62 (1872)). "This standard mirrors the standard for a directed verdict under Federal Rule of

Civil Procedure 50(a), which is that the trial judge must direct a verdict if, under governing law, there can be but one reasonable conclusion as to the verdict." *Id.* at 250.

IV. Discussion.

The United States "'is immune from suit save as it consents to be sued,' and Congress alone determines how and when the United States may be sued for judicial review of administrative orders and judgments." *Jackson v. Astrue*, 506 F.3d 1349, 1352-53 (11th Cir. 2007)(quoting *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981)(citation omitted)). Congress waived sovereign immunity in 42 U.S.C. § 405(g) by giving federal courts jurisdiction to review, modify, or reverse the decisions of the Social Security Commissioner. *Jackson*, 506 F.3d at 1353. "[T]he remedies outlined in that statute are the exclusive source of federal court jurisdiction over cases involving SSI." *Id.* (citing 42 U.S.C. § 405(h)("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided.")).

§ 405(g) provides, in pertinent part:

Any individual, after any final decision of the Commissioner of

> Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g) (2006). The Commissioner's regulations specifically provide that an individual may file a civil action in a federal district court 60 days after the date of receipt of notice of the Appeals Council's action, 20 C.F.R. § 404.981 (2007). The regulations also provide that the date of receipt of the notice of decision "is presumed to be five (5) days after the date on the notice, unless it is shown that the notice was not received within the 5-day period." 20 C.F.R. § 404.901 (2007); *see also* 20 C.F.R. § 422.210(c) (2007). A plaintiff may rebut the presumption of receipt of notice five days after the date of the notice by "a reasonable showing to the contrary." 20 C.F.R. § 422.210(c). If the claimant successfully rebuts the presumption, the burden shifts to the Commissioner to establish that the appellant received actual notice. *McCall v. Bowen*, 832 F.2d 862, 864 (5th Cir. 1987)(citing *Matsibekker v. Heckler*, 738 F.2d 79, 81 (2d Cir. 1984)). The United States Supreme Court has held that the 60-day requirement set out in § 405(g) is not jurisdictional, but rather constitutes a statute of

limitations which is waivable by the parties or eaiquitably tolled by the court in exceptional circumstances. *Bowen v. City of N.Y.*, 476 U.S. 467, 478 (1986).

In this case, the date on the notice of the Appeals Council's decision to Plaintiff was November 29, 2007. Pursuant to 20 C.F.R. § 404.901, it is presumed that Plaintiff received the notice of the decision five days after the date on the notice, on December 4, 2007, unless Plaintiff makes a reasonable showing that the notice was not received within the five day period. *See also* 20 C.F.R. § 422.210(c). Plaintiff contends that notice did not arrive within the five day period as evidenced by the fact that the "decision of the Appeals Council was not received into the office of Robert Bunch until December 10, 2007." (Doc. 8.) As evidence to rebut the presumption, Plaintiff has submitted the affidavit of her attorney, Robert W. Bunch, stating that the notice from the Appeals Council was not received until December 10, 2007. (Bunch Aff.) "Courts have repeatedly concluded that a bald denial of timely receipt by the plaintiff and/or her attorney, even if made under oath, is insufficient to constitute a 'reasonable showing'

sufficient to rebut the regulatory presumption."[4] *Pettway ex rel. Pettway v. Barnhart*, 233 F. Supp. 2d 1354, 1356 (S.D. Ala. 2002).[5] Rather, courts recognize a plaintiff's "reasonable showing" when the plaintiff offers "evidence corroborating his or her denial of a timely receipt." *Id.* Here, Plaintiff has also submitted a copy of the Notice of Appeals Council Action sent to Robert W. Bunch, Plaintiff's counsel. The notice bears a date-received stamp, indicating that the document was received on December 10, 2007. (Doc. 8 Ex. A.) As represented by Bunch, "[i]t is a long standing

---

[4]*See Velez v. Apfel*, 2000 WL 1506193, at *1 (2nd Cir. Oct. 6, 2000)(a "conclusory allegation" of non-receipt does not constitute a reasonable showing); *Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997)(plaintiff's "sworn word that he did not receive th[e] notice is not sufficient, by itself, to rebut the statutory presumption"); *McCall v. Bowen*, 832 F.2d 862, 864 (5th Cir. 1987)(stating that the affidavits of plaintiff and his attorney that they did not receive notice within the five day period were not sufficient to rebut the presumption and could not "provide a substitute for a more concrete showing that the plaintiff or [his] attorney actually did not receive the Secretary's notice within five days of the date of notice"); *Velazquez v. Massanari*, 2002 WL 246760, at *1 (D. Neb. Feb. 21, 2002)(where attorney submitted an affidavit stating that plaintiff did not receive his copy of the notice within five days, court stated that the "bare assertion" of delayed receipt "is not the type of 'reasonable showing' contemplated by the applicable regulation"); *Marte v. Apfel*, 1998 WL 292358, at *2 (S.D.N.Y. June 3, 1998)("[A] plaintiff must do more than merely assert that he did not receive the notice within five days."); *Leslie v. Bowen*, 695 F. Supp. 504, 506 (D. Kan. 1988)(plaintiff's affidavit was not sufficient to rebut the presumption); *Rouse v. Harris*, 482 F. Supp. 766, 768-69 (D.N.J. 1980)(the "mere assertion" of non-receipt "cannot provide a substitute for a more concrete showing").

[5]The Court recognizes that this case is not binding; however, it finds the case to be persuasive on this issue.

practice and procedure in my office wherein all incoming mail is opened and stamped received the date it arrives in our office." (Bunch Aff.; *see also* Doc. 8 at 2.) The date-stamped notice is sufficient to corroborate the denial of timely receipt of notice. *See Pettway ex rel. Pettway*, 233 F. Supp. 2d at 1359 (where plaintiff offered affidavit denying timely notice, a date-stamped notice received by plaintiff's counsel, and the statement that it was office practice of date-stamping mail on the day they are received, court held that plaintiff made a "reasonable showing" as to rebut the presumption of five day notice). Defendant has failed to offer any evidence of Plaintiff's actual notice, and there is no evidence to suggest that Plaintiff would have received notice prior to her counsel receiving notice. Under the circumstances, Plaintiff has made a "reasonable showing" to rebut the five-day notice presumption. Thus, the date of receipt of notice of the Appeals Council's action in this action is December 10, 2007.

Under § 405(g), Plaintiff was required to file her lawsuit with the Court within 60 days of receipt of notice of the Appeals Council's decision. Therefore, Plaintiff had until February 8, 2008 to commence a lawsuit. Since Plaintiff filed this lawsuit on February 6, 2008, she filed within the

sixty day period provided for under the statute. Thus, Plaintiff's lawsuit was filed timely.

V. Conclusion.

For the reasons stated above, Defendant's Motion to Dismiss, or, in the alternative Motion for Summary Judgment (Doc. 5) is due to be denied. A separate order in conformity with this opinion will be entered.

Done this 2nd day of July 2008.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
153671