FILED

2009 Sep-28  PM 03:07
U.S. DISTRICT COURT
N.D. OF ALABAMA



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

STARLENE M. DAVIS,               ]
                                 ]
        Plaintiff,               ]
                                 ]
        vs.                      ]    3:08-CV-00214-LSC
                                 ]
MICHAEL J. ASTRUE,               ]
Commissioner,                    ]
Social Security Administration,  ]
                                 ]
        Defendant.               ]

MEMORANDUM OF OPINION

I.      Introduction.

The plaintiff, Starlene M. Davis, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB").  Ms. Davis timely pursued and exhausted her administrative remedies and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Ms. Davis was forty-nine years old at the time of the Administrative Law Judge's ("ALJ's") decision on May 10, 2007, and she has a sixth grade

education.  (Tr. at 22.)  Her past work experiences include employment as a cafeteria cook, a fast food worker, a sewing machine operator, and a cashier.  (*Id*. at 26.)  Ms. Davis claims that she became disabled on March 2, 2005, due to degenerative disk disease of the lumbar and cervical spine and status post previous laparoscopies and laparotomies due to adhesions.  (*Id*. at 18.)

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).  The first step requires a determination of whether the claimant is "doing substantial gainful activity."  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  If he or she is, the claimant is not disabled and the evaluation stops.  *Id*.  If he or she is not, the Commissioner next considers the effect of all of the physical and mental impairments combined.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  These impairments must be severe and must meet the durational requirements before a claimant will be found to be disabled.  *Id*.  The decision depends on the medical evidence in the record.  *See Hart v. Finch*, 440 F.2d 1340, 1341

(5th Cir. 1971).  If the claimant's impairments are not severe, the analysis stops.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  Otherwise, the analysis continues to step three, which is a determination of whether the claimant's impairments meet or equal the severity of an impairment listed in 20 C.F.R. pt. 404, subpt. P, Appendix 1.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the claimant's impairments fall within this category, he or she will be found disabled without further consideration.  *Id*.  If they do not, a determination on the claimant's residual functional capacity ("RFC") will be made and the analysis proceeds to the fourth step.  20 C.F.R. §§ 404.1520(e), 416.920(e).

The fourth step requires a determination of whether the claimant's impairments prevent him or her from returning to past relevant work.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  If the claimant can still do his or her past relevant work, the claimant is not disabled and the evaluation stops.  *Id*.  If the claimant cannot do past relevant work, then the analysis proceeds to the fifth step.  *Id*.  Step five requires the court to consider the claimant's RFC, as well as the claimant's age, education, and past work experience in order to determine if he or she can do other work.  20 C.F.R.

§§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  If the claimant can do other work, the claimant is not disabled.  *Id.*

Applying the sequential evaluation process, the ALJ found that Ms. Davis meets the nondisability requirements for a period of disability and DIB and was insured through the date of his decision.  (Tr. at 18.)  He further determined that Ms. Davis has not engaged in substantial gainful activity since the alleged onset of her disability.  (*Id.*)  According to the ALJ, Plaintiff's degenerative disk disease of the lumbar and cervical spine and status post previous laparoscopies and laparotomies due to adhesions are considered "severe" based on the requirements set forth in the regulations. (*Id.*)  However, he found that these impairments neither meet nor medically equal any of the listed impairments in Appendix 1, Subpart P, Regulations No. 4.  (*Id.* at 23.)  The ALJ did not find Ms. Davis's allegations to be totally credible, and he determined that she has the RFC to sustain the physical demands of an 8-hour work day at the light exertional level with a sit/stand/walk option and with no repetitive bending, twisting, pushing, or pulling.  (*Id.* at 25; 23.)

According to the ALJ, Ms. Davis is able to perform her past relevant

work as a cashier.  (*Id*. at 26.)  The ALJ found that Ms. Davis has the RFC to perform a range of light work including information clerk, parking lot attendant, and photo finisher.  (*Id*. at 26-27.)  The ALJ concluded his findings by stating that Plaintiff was "not under a 'disability,' as defined in the Social Security Act, from March 2, 2005 through the date of this decision."  (*Id*. at 27.)

II.    Standard of Review.

The Court's role in reviewing claims brought under the Social Security Act is a narrow one.  The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).  The Court approaches the factual findings of the Commissioner with deference, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).  The Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Id*.  "The substantial evidence standard permits administrative decision makers to act

with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'"  *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)).  Indeed, even if this Court finds that the evidence preponderates against the Commissioner's decision, the Court must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400.  No decision is automatic, however, for "despite this deferential standard [for review of claims] it is imperative that the Court scrutinize the record in its entirety to determine the reasonableness of the decision reached."  *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987).  Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

III.   Discussion.

Ms. Davis alleges that the ALJ's decision should be reversed and remanded for four reasons.  First, she believes that the ALJ's finding regarding her credibility is not based on substantial evidence.  (Doc. 13.) Second, Plaintiff contends that the ALJ's finding that Ms. Davis can perform

light work is not supported by the opinions of any physicians or the record. (*Id*.)  Third, Plaintiff contends that the ALJ's finding that Ms. Davis can return to her past work as a cashier is not supported by substantial evidence. Finally, Plaintiff argues that since Ms. Davis was within one month of turning fifty at the time of the ALJ's decision, the ALJ was overly mechanical in applying the rules in the Medical Vocational Guidelines.

A.    ALJ's Credibility Findings.

Plaintiff contends that the ALJ improperly evaluated her credibility, particularly regarding the intensity, persistence, and limiting effects of her alleged symptoms.  (Doc. 13 at 9.)  Where a plaintiff attempts to establish a disability through her own testimony, "[t]he pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citing *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). In determining whether the pain standard is met, the credibility of the plaintiff's testimony must be

considered. *Lamb v. Bowen,* 847 F.2d 698, 702 (11th Cir. 1988). If the ALJ does not credit the plaintiff's testimony, he must articulate explicit and adequate reasons for doing so. *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002); *see also Brown v. Sullivan*, 921 F.2d 1233, 1236 (11th Cir. 1991). The ALJ's credibility determination does not have to cite particular formulations; however, there cannot be a broad rejection that prevents this Court from concluding that the ALJ considered the entirety of the medical evidence. *Dyer*, 395 F.3d at 1210. The regulations further direct that the ALJ will consider "all of the evidence presented, including information about your prior work record, your statements about your symptoms, evidence submitted by your treating or nontreating source, and observations by our employees and other persons." 20 C.F.R. § 404.1529(c)(3).

The ALJ noted that Plaintiff reported weakness in both hands; head, neck, and back pain; pain and trouble with her stomach due to scar tissue resulting from hysterectomy surgery and surgery to remove scar tissue; regular headaches; and pain requiring her to elevate her legs for up to two hours at a time two to three times a day. In reviewing her medical records, the ALJ determined that Ms. Davis's "medically determinable impairments

could reasonably be expected to produce the alleged symptoms." (Tr. at 25.) Despite this finding, the ALJ determined that Plaintiff's daily activities and medical history undermined her credibility.

First, the ALJ reviewed Plaintiff's activities, which included driving, laundry, fixing meals, and grocery shopping. (*Id.* at 24.) It is well settled that the ALJ may consider daily activities at the fourth step of the evaluation process. *See Macia v. Bowen*, 829 F.2d 1009, 1012 (11th Cir. 1987). More importantly, the medical record further undermines Plaintiff's credibility. While Plaintiff claims to have weakness in both hands and pain that requires her to lie down for two hours at a time two to three times a day, her medical history reviewed by the ALJ does not support this level of disability. The ALJ relied on the records of a number of doctors that had treated plaintiff since her alleged onset date. The ALJ reviewed Plaintiff's records with her treating physician, Dr. Santos, noting that her medications relieved her pain without "side effects or signs of addiction." (Tr. at 435-45.) In October 2005, Plaintiff underwent an MRI which revealed minimal L4-5 and mild L5-S1 disc bulging without "significant spinal canal or foraminal stenosis." (Tr. at 365.) In a consultative examination by Dr. Frank Gillis in February 2006,

Plaintiff was found to have no deformities in the cervical spine, no palpable spasms, no difficulty in walking, and a normal gait.  (*Id*. at 388.)  Plaintiff was found to have the following restrictions due to her neck and back problems:  no repetitive bending, twisting, pushing, pulling, prolonged standing, sitting, or walking.  (*Id*. at 389.)  Far from ignoring this evidence, the ALJ specifically included these limitations in his report, assessing that the plaintiff had a RFC for light work that did not include the activities listed above.  (*Id*. at 23.)

The ALJ's report on Plaintiff's RFC also adequately considered records regarding her mental health.  The ALJ considered the consultation with Dr. Crowder who determined the Plaintiff had mild generalized anxiety disorder and borderline intellectual ability.  (*Id*. at 386.)  From this diagnosis, Dr. Crowder determined that Plaintiff had no limitation in her ability to relate to others and no restriction of daily activities based upon her mental condition alone.  (*Id*. at 387.)  He also determined that Plaintiff has "good ability to understand, carry out, and remember instructions, and good ability to respond appropriately to supervisors, co-workers, and work pressures in a work setting."  (*Id*.)  The ALJ considered these findings in his opinion.

While finding that Plaintiff's mental health would provide mild difficulties in the work place, these difficulties did not render her disabled.  Given his thorough review of the medical record in this matter, it is evident that the ALJ's opinion is supported by substantial evidence.

B.  Weight Given by ALJ to Medical Findings.

Plaintiff maintains that the ALJ did not give sufficient weight to the findings of the her doctors in determining that Plaintiff is capable of returning to her past relevant work.  Plaintiff also argues that the ALJ erred because the record does not contain a RFC assessment conducted by a treating or examining physician.  Both of these claims are unavailing.  As detailed in the above discussion, the ALJ clearly reviewed and incorporated the records and findings of the Plaintiff's treating and consulting physicians in his decision.  As to the RFC assessment, the ALJ is not required to order an assessment.  *See Good v. Astrue,* 240 Fed. App'x 399, 404 (11th Cir. 2007) (rejecting claim that ALJ reversibly erred in failing to order a consultative examination because no treating or examining physician had recommended such an examination and the record contained sufficient evidence to permit the ALJ's RFC determination).  Plaintiff's cites a passage from  *Coleman v.*

*Barnhart*, 264 F. Supp. 2d 1007, 1010 (S.D. Ala. 2003) for the proposition that the ALJ opinion "must be supported by the residual functional capacity assessment of a treating or examining physician."  The Eleventh Circuit, dealing with a similar citation of *Coleman*, stated that *Coleman* was "based partly on the fact that no consultative physical capacities examination was ordered by the ALJ despite a specific recommendation for such by a consulting cardiologist." *Gully v. Astrue,* 2009 U.S. Dist. LEXIS 46821 *14-15 n.6 (M.D. Ala. June 3, 2009).  The Eleventh Circuit noted that the plaintiff in that matter "failed to discuss this salient aspect of the decision and does not indicate any part of the record in which a physician similarly recommended a physical capacities evaluation for her. Nor does Plaintiff indicate that she requested such an examination or sought one from her own treating providers at any point during the administrative proceedings." *Id.* The Plaintiff in the instant matter has similarly failed to show why an RFC evaluation is required.  As such, it is clear that the ALJ's analysis of Plaintiff's medical history has substantial justification.

C.  ALJ's Finding that Plaintiff Can Perform Past Relevant Work.

Plaintiff contends that the ALJ erred in failing to classify her previous

work as a composite job as it entailed stocking components in addition to her responsibilities as a cashier.  It is evident from the record, however, that the ALJ relied on the testimony of a Vocational Expert ("VE") to determine that the claimant "performed her jobs in a manner consistent with the way in which they are set forth" in the Dictionary of Occupational Titles ("DOT"). (Tr. at 26.)  The Eleventh Circuit places great emphasis on the testimony of the VE and has held that "when the VE's testimony conflicts with the DOT, the VE's testimony 'trumps' the DOT." *Jones v. Apfel*, 190 F.3d 1224, 1229-30 (11th Cir. 1999).  Here the ALJ asked the VE if he had reviewed the DOT and the evidence regarding past work.  (Tr. at 45.)  The VE affirmed that he had and classified Plaintiff's past work as Cashier, light, unskilled. (*Id*. at 46.)  Based on a hypothetical describing her condition, the VE testified that Plaintiff was able to perform the work of a cashier.  (*Id*. at 63.) Therefore, the ALJ's finding regarding Plaintiff's previous employment was supported by substantial evidence.

D.  ALJ's Application of the Rules in the Medical Vocational Guidelines.

Plaintiff argues that the ALJ erred in mechanically applying the rules in the Medical Vocational Guidelines when determining Plaintiff's RFC

because he did not take into account that she was within one month of reaching 50 when he issued his decision.  This argument, however, is a red herring.  The ALJ did not apply any rule in the Medical Vocational Guidelines because he never reached step five of the sequential evaluation.  (*Id.* at 26-27; 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).)  Instead, the ALJ determined that Plaintiff was capable of performing her past relevant work as a cashier.  (*Id.*)  He was therefore not required to determine her RFC for other positions.

IV.   Conclusion.

Upon review of the administrative record, and considering all of Ms. Davis's arguments, the Court finds the Commissioner's decision is supported by substantial evidence and in accord with the applicable law.  A separate order will be entered.

Done this 28th day of September 2009.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
153671